IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH L. WHITE                                                      PLAINTIFF
vs.                                              No. 04-6121

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                               DEFENDANT

## **MEMORANDUM OPINION**

Kenneth L. White (hereinafter "Plaintiff") has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his claim for a period of disability and disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(I) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(I) and 423*, and for Supplemental Security Income benefits (hereinafter "SSI"), under *§ 1602 of Title XVI, 42 U.S.C. § 1381a.*

Plaintiff was 38 years of age at the time of the administrative hearing. He has a high school education. (T. 182) Plaintiff alleges that he is disabled by virtue of the combined effects of high blood pressure, pain and limited range of motion in the left knee, pain and limitations in the lower back and hip, wheezing and shortness of breath, depression and anxiety, and, digestive problems. (Doc. #7, p. 8)

Plaintiff's applications for benefits were filed on October 26, 2001. His applications were denied originally and upon reconsideration. A hearing was conducted on August 5, 2003 (T. 179-212), before an Administrative Law Judge (hereinafter "ALJ"). Plaintiff, his wife Mary White, and a vocational expert (hereinafter "VE"), testified at the hearing. Plaintiff was represented by counsel

at the hearing.

By written decision dated July 15, 2003, the ALJ found that: Plaintiff met the disability insured status requirements of the Social Security Act on April 30, 2001, the date Plaintiff asserts that he became unable to work, and continued to meet those requirements through the date of the decision; Plaintiff has not engaged in substantial gainful activity since April 30, 2001; he suffers from "severe musculoskeletal problems, chronic obstructive pulmonary disease and high blood pressure"; Plaintiff does not have an impairment or combination of impairments that meet or equal the criteria of any of the impairments listed in *Appendix 1, Subpart P, Regulations No. 4* (the "Listings"); Plaintiff's subjective complaints of pain are credible and substantiated by the record; Plaintiff has the residual functional capacity (hereinafter "RFC"), to perform work at the sedentary level of exertion; Plaintiff is unable to perform his past work; and, utilizing the testimony of the VE, the ALJ found that Plaintiff is unable to perform his past work but can make a vocational adjustment to perform work which is available the regional and national economy, such as unskilled production assembly work. (T. 13-14) Accordingly, it was found that Plaintiff was not under a disability at any time through the date of the decision. (T. 13-14)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, by notice dated July 21, 2004. (T. 3-5) Accordingly, Plaintiff filed this action.

Both Plaintiff and the Commissioner have filed appeal briefs and this case is now ready for decision. Plaintiff contends that: the ALJ failed to take into account the combined effect of Plaintiff's impairments and failed to properly evaluate the testimony of Plaintiff and his wife. (Doc. #7)

**Discussion:**

Consideration of a social security disability claim involves a five step evaluation process. *20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI)*. As noted above, the ALJ found that although Plaintiff's impairments are severe, they do not meet or equal a listed impairment. *20 C.F.R. § 404.1520(d) (DIB); 20 C.F.R. § 416.920(d) (SSI)*. At step four of the sequential evaluation process, the ALJ concluded that Plaintiff does not possess the residual functional capacity to perform his past relevant work. *20 C.F.R. § 404.1520(e)(DIB); 20 C.F.R. § 416.920(e)(SSI)*. Finally, at step five of the process, the ALJ determined that there are a significant number of jobs in the national economy which Plaintiff possesses the residual functional capacity to perform. *20 C.F.R. § 404.1520(f)(DIB); 20 C.F.R. § 416.920(f)(SSI)*. Accordingly, Plaintiff was found not disabled.

This court's review function is extremely limited. The court must determine whether the record as a whole contains substantial evidence to support the Commissioner's decision, taking into account whatever in the record fairly detracts from its weight. *42 U.S.C. § 405(g); Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989); *see also, Baugus v. Secretary of Health and Human Services*, 717 F.2d 443, 445 (8th Cir. 1983); *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir. 1983). The court must accept the agency's factual determinations and reasonable inferences drawn from them if the record provides substantial evidence to support the findings and inferences. *Russell v. Secretary of H.E.W.*, 540 F.2d 353, 355 (8th Cir. 1976). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

There is a distinction between "substantial evidence" and "substantial evidence on the record as a whole."

> "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court must also take into consideration the weight of the evidence in the record and applying a balancing test to evidence which is contradictory.

*Wilson v. Sullivan*, 886 F.2d at 175.

Accordingly, this court's review is limited and is deferential to the agency. *See Ostronski v. Chater*, 94 F.3d 413, 415 (8th Cir. 1996). The administrative decision must be affirmed if substantial evidence in the record as a whole supports it. *Id.* However, the court may not "merely parse the record for substantial evidence supporting the [Commissioner's] decision," but must also "consider evidence in the record that detracts from the weight of the decision." *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). The court must apply a balancing test to evidence which is contradictory. *Wilson v. Sullivan*, 886 F.2d at 175.

Plaintiff testified that he is six feet one inches tall and weighs 275 pounds. He is a high school graduate, but Plaintiff testified that he does not read well and has difficulty counting. (T. 182-83)

Plaintiff recounted his history of sustaining a left knee injury playing high school football, which required surgery. (T. 183-84) He stated that the knee always hurts and that the pain has been more severe in the last three or four years. He stated that he can not completely bend the knee. (T. 185-86)

Plaintiff testified that he was thrown from a horse in 1984 or 1985, breaking his pelvis. He stated that he suffers from constant pulsating pain along the top of the pelvis and below the belt. He can not bend down. He testified that it hurts to walk, that any activity increases the pain and

AO72A
(Rev. 8/82)

that nothing makes the pain feel better. (T. 191)

Plaintiff stated that he can not afford medication and that he receives medical treatment from the Charitable Christian Clinic in Hot Springs, Arkansas. (T. 191)

Plaintiff testified that he has suffered from breathing problems over the last few years, which have worsened. Humidity and dust make the problems more severe. He coughs a lot in the mornings. Treatment for this problem has been by an Albuterol inhaler treatment five to six times per day. This provides only temporary help. (T. 192-94)

Plaintiff also testified that he has problems with constant depression which he believes is caused by his inability to work and pay his bills. He stated that he has never gone more than a few days without working. He gets short tempered when he worries and has a problem getting along with others when he is depressed. (T. 195-96) He stated that medication for his depression has been ineffective. He drank at one time because it helped his back and leg pain but he stated that, at the time of the hearing, he had been alcohol free for ten months to a year. (T. 196-97)

Plaintiff stated that he can walk only a maximum of 25 to 30 feet and that when he stands "continually" he losses feeling in his right leg. (T. 197-98) He can sit in one position for only ten minutes before he must move around. (T. 199) He stated that he can lift, at most, only the weight of a milk jug. (T. 200) He does little around the house and can drive for only 20 to 25 minutes. (T. 201-02)

Plaintiff's wife, Mary White, testified that she and Plaintiff live in adjacent but separate houses. She stated that, although they still love each other, they could no longer live in the same house due to Plaintiff's pain. She testified that Plaintiff receives depression medication at the Charitable Christian Clinic, but that it is "evidently not the right kind." She noted that Plaintiff no

longer hunts or fishes. (T. 206) She stated that Plaintiff is in pain daily and that he can not pick up or hold more weight than that of a cup of coffee or a glass of tea. Plaintiff does nothing around the house. (T. 207)

Based upon a hypothetical presented to him by the ALJ, the VE testified that the hypothetical claimant could not perform Plaintiff's past relevant work. Further, the VE testified that such a claimant could perform the duties of a production hand assembler. (T. 208-09)

The VE added that if such a claimant could not sit up to six hours per day, the production hand assembler work would also be excluded. (T. 210)

With an important exception, the ALJ accurately summarized the medical record:

The claimant underwent a general physical examination performed by Ralph D. Byrd, Jr., MD, on October 5, 2001. The doctor wrote that the claimant fell off a horse at age 22. He has had back and hip pain ever since. He had a knee injury while playing football in high school that resulted in surgery. He relates that this is still painful. He also has chronic wheezing and shortness of breath due to the fact that he used to spray chemicals for a job that he had. He also has high blood pressure. It is noted that, although he has high blood pressure and breathing problems, he did not bring his inhaler or blood pressure medication to the physical examination (Exhibit 1F). This document also shows that he [sic] claimant was treated for high blood pressure with medication only and there is no evidence that he has any problems with control of high blood pressure with this medication.

The notes of Charitable Christian Medical Clinic show that he was seen on May 14, 2002 (Exhibit 2F). He was taking medication for his blood pressure and he was status post surgery for a football injury to his knee. He was also reporting pain in his back.

The claimant had x-rays taken on July 26, 2002 (Exhibit 3F). Charles Horner, [MD] reported that he had left knee pain with marked medial femorotibal joint compartment narrowing with flattening of the medial tibial plateau and medial condyle. There was subchondral sclerosis and osteophyte formation. There was a staple in the lateral tibial plateau. There was corticated osseous fragment off the anterior superior aspect of the tibia. The doctor had the impression that he had severe degenerative change of the left knee joint with medical compartment narrowing and flattening of the medial femoral condyle.

AO72A
(Rev. 8/82)

> An x-ray lumbar spine series was performed on May 17, 2002 by Mark B. Robbins, MD. The x-rays revealed his vertebral bodies were uniform in height. There was disc space narrowing greatest at L5-S1. The endplates were indistinct on this examination. There was mild spurring anteriorly at L3-4. The remainder of the examination was unremarkable.
>
> The Administrative Law Judge sent the claimant for a breathing test subsequent to the hearing. He had this test done September 19, 2003 (Exhibit 7F). Jack Somers, MD, reported that testing revealed that he had an FEV1 of 3.933, post bronchodilator. He was 72 inches in height. Listing 3.02 (chronic obstructive pulmonary disease), requires a person 72 inches in height to have a FEV1 equal to or less than 1.85.
>
> A report from Dr. Jeff C. Bearden dated February 10, 2004 showed the claimant has been treated for hypertension, chronic back pain and chronic left knee pain over the last several months. The claimant had undergone x-rays in the past that showed severe degenerative changes of the left knee and a surgical staple in the lateral tibial plateau from a previous surgery. Dr. Bearden reported the claimant's hypertension was controlled with Zestoretic. Her further reported that the claimant would benefit from an MRI but at this point it was cost prohibitive. It was Dr. Bearden's opinion that the claimant would be unable to perform any type of heavy construction or manual labor (for he had been trained) (sic) until he (sic) condition could be properly diagnosed (Exhibit 8F).

(T. 12)

Significantly, the ALJ's summary of the medical record omits any reference to Plaintiff's complaints of depression or the treatment received by Plaintiff for such condition. The medical record is replete with references to Plaintiff's diagnosed depression (T. 71, 74-77, 125, 127, 131) and the treatment of the depression by the prescribing of Prozac. (T. 71, 127, 129, 130, 131)

At the hearing, the ALJ questioned Plaintiff with respect to his "problems with depression." (T. 195) Both Plaintiff and his wife testified at some length about Plaintiff's depression. (T. 195-96, 206) Plaintiff stated that he is seriously depressed "all the time." (T. 195) He referred to problems getting along with others. (T. 196) He stated that medication has not helped his depression. (T. 196)

AO 72A
(Rev. 8/82)

Plaintiff's wife testified that she and Plaintiff live in adjacent but separate houses because of problems brought on by Plainitff's feeling "ill and cranky all the time that he can't go hold down a job to make money to help pay the bills." (T. 206)

Further, the record contains a "Psychiatric Review Technique Form," completed by a physician employed by the Commissioner, finding the presence of "depression associated with alcoholism." (T. 137-49)

The ALJ's omission of any reference to Plaintiff's depression is particularly surprising in view of the fact that the ALJ does not find Plaintiff's testimony or that of his wife, to lack credibility. To the contrary, the ALJ specifically finds that Plaintiff's subjective complaints of pain are credible. (T. 14)

At the least, the failure of the ALJ to explore Plaintiff's history of depression constitutes a failure to develop the record. *Freeman v. Apfel,* 208 F.3d 687, 692 (8th Cir. 2000) (noting the ALJ must develop record fully and fairly even when claimant is represented by counsel)

Further, the hypothetical question upon which the VE relies in providing his opinion, omits reference to depression or anxiety, and contains no reference to the hypothetical claimant exhibiting anxiety or irritability. (T. 208-10)

The hypothetical question posed to the vocational expert "must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F.3d 688, 694-95 (8th Cir. 1996)(where a claimant's limitations are omitted from the hypothetical question, the expert does not base his opinion on the full extent of the claimant's limitations and his testimony can not constitute substantial evidence to support the Commissioner's decision); *see also Howard v. Chater*, 255 F.3d 577, 581-82 (8th

AO72A
(Rev. 8/82)

Cir. 2001)(testimony from a vocational expert based upon a *properly-phrased hypothetical* constitutes substantial evidence) (emphasis supplied)

Clearly, the hypothetical relied upon by the VE was not properly-phrased, as it failed to set forth all of Plaintiff's limitations.

Finally, as noted above, the ALJ found Plaintiff's subjective complaints of pain to be credible and substantiated by the objective medical evidence of record. (T. 14) Plaintiff testified at some length about the pain originating from his left knee and pelvic area. (T. 184-92, 196-02) He stated that this pain is constant and of several years' duration. (T. 192) He stated that "any activity" causes pain. (T. 191) He testified that he is unable to do any significant household activity. (T. 201-02) He stated that he is severely limited in his ability to walk, stand and sit. (T. 197-99) He stated that he can lift no more than the weight of a gallon jug of milk. (T. 200)

The hypothetical posed by the ALJ to the VE included the elements of an ability to: occasionally handle weights of up to ten pounds and less weight frequently; stand or walk with normal breaks at least two hours in an eight hour day; sit with normal breaks about six hours in an eight hour day and occasionally climb ramps and stairs, balance, scoop, kneel, crouch and crawl. (T. 208-09)

Upon remand, consideration should be given to the question of whether the limitations set forth by the ALJ in the hypothetical presented to the VE are truly consistent with an acceptance of Plaintiff's "subjective complaints of pain" as credible.

**Conclusion:**

Having found that the record herein is insufficiently developed, as noted above, and that the hypothetical posed by the ALJ to the VE is inadequate, we conclude that the ALJ's decision

AO72A
(Rev. 8/82)

in this case is not supported by substantial evidence in the record as a whole. Accordingly, we conclude that this matter must be reversed and remanded for further proceedings consistent with this opinion.

DATED this 21st day of September 2005.

*/s/ Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**